IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERMAINE LASTER, | § | |
| Fed. Reg. No. 52285-509, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-01913-G-BP |
| | § | |
| JANE BOYLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Shermaine Laster ("Laster") sued Defendants on August 29, 2022. ECF No. 3. Having reviewed the file and found that Laster had neither paid the requisite filing and administrative fees nor filed a motion to proceed *in forma pauperis,* the undersigned entered an Order and Notice of Deficiency on September 21, 2022. ECF No. 12.

The Order and Notice ordered the Clerk of Court to mail a copy of the order to Plaintiff at his address shown on the docket sheet and to Plaintiff at FTC Oklahoma City, 7410 S. MacArthur Blvd., Oklahoma City, OK 73169, along with a long-form application to proceed *in forma pauperis* and a certificate of inmate trust account for completion and return to the Clerk of Court. *Id.* at 1-2. The Clerk of Court did so the same day, on September 21, 2022. The Order and Notice also warned Plaintiff that if he wished to maintain this lawsuit, "he shall cure the deficiency identified above **on or before October 21, 2022**. Failure to timely comply with this order could result in the dismissal without prejudice of Plaintiff's complaint without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)*." Id.* at 2.

On October 12, 2022, the Court received the forms that were mailed to the address on the docket sheet back, marked as undeliverable mail. ECF No. 14. To date, Laster has not complied with the Court's Order and Notice of Deficiency.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Laster did not comply with the Court's Order and Notice of Deficiency or file a pleading to explain his delay. Absent compliance with the Court's orders, this case cannot proceed. Because Laster's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** that Senior United States District Judge A. Joe Fish **DISMISS** this case **without prejudice** under Fed. Rul. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 28, 2022.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3